# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

SIMEON PAUL HOWARD,                )
                                   )
    Plaintiff,                     )
                                   )
v.                                 )    Case No.  1:17-cv-00537-LSC-JEO
                                   )
CALHOUN COUNTY, et al.,            )
                                   )
    Defendants.                    )

## ORDER TO AMEND

The plaintiff initiated this action by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983.  The complaint is deficient for the reason(s) indicated below.  The plaintiff must correct the deficient complaint within twenty (20) days from the entry date of this order, in the manner explained below.

    The plaintiff has failed to provide the <u>complete</u> addresses of all defendants and has failed to set forth his claims adequately.  The plaintiff must amend his complaint by completing a new § 1983 complaint form.  The new complaint must be labeled "**Amended Complaint**" and "**Case No.** 1:17-cv-00537-LSC-JEO" must be written on the first page.

    In the amended complaint, the plaintiff must provide the complete names of all defendants or as much of the names as known, and any identifying information (such as gender, race, approximate age, job title or position), and a complete address for each defendant. The plaintiff should name as defendants only those persons who violated his constitutional rights.  The plaintiff must identify those persons as defendants both in the heading and in Part I.B. of the complaint.

Although the plaintiff has provided some allegations to support his claims, he has not stated clearly how each named defendant violated his constitutional rights, the date(s) on which the incident(s) occurred, and where the incident(s) occurred.  The plaintiff must clearly set forth the <u>facts</u> that support his claims against the defendants.  The plaintiff is **ADVISED** that conclusory and general assertions are not sufficient to state a claim upon which relief under § 1983 can be granted.  *See Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984).

The amended complaint must include all of the plaintiff's claims in this action; IT SHOULD NOT REFER BACK TO THE ORIGINAL COMPLAINT.  The plaintiff is **ADVISED** that the Court will consider <u>only</u> the claims set forth in the amended complaint.  After completing the new complaint form, the plaintiff should mail it to the Clerk of the Court.

IF THE PLAINTIFF FAILS TO AMEND HIS COMPLAINT IN COMPLIANCE WITH THIS ORDER WITHIN TWENTY (20) DAYS FROM THE ENTRY DATE OF THIS ORDER, THE COURT MAY DISMISS THIS CASE FOR WANT OF PROSECUTION.  FED. R. CIV. P. 41(b).

The Clerk is DIRECTED to serve the plaintiff with a copy of this order and to furnish him with two copies of the §1983 complaint form.

**DONE,** this 10th day of July, 2017.

_____
**JOHN E. OTT**
CHIEF UNITED STATES MAGISTRATE JUDGE